Matter of Garcia (2019 NY Slip Op 03970)





Matter of Garcia


2019 NY Slip Op 03970


Decided on May 22, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
ROBERT J. MILLER, JJ.


2018-06762

[*1]In the Matter of Carlos G. Garcia, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Carlos G. Garcia, respondent. (Attorney Registration No. 1488519)



JOINT MOTION pursuant to 22 NYCRR 1240.8(a)(5) by the Grievance Committee for the Tenth Judicial District and the respondent, Carlos G. Garcia, for discipline on consent. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on October 13, 1976.



Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for petitioner.
Long Tuminello, LLP, Bay Shore, NY (Michelle Aulivola of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated May 15, 2018, containing four charges of professional misconduct. The respondent filed a verified answer dated June 11, 2018. The Grievance Committee and the respondent now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent, and request the imposition of a public censure. As provided for in 22 NYCRR 1240.8(a)(5)(i), the parties have submitted a joint affirmation dated September 27, 2018, in support of the motion. In addition, the respondent has submitted an affidavit sworn to on September 21, 2018, attesting, inter alia, to various mitigating circumstances. By virtue of the stipulation presented with the joint affirmation, the parties have agreed that the following factual specifications are not in dispute:
On or about September 28, 2015, Fanny L. Estevez retained the respondent to represent her in a contested matrimonial action in the Supreme Court, Suffolk County. On that date, Estevez paid the respondent $1,000 toward his retainer fee. Thereafter, the trial in the matter was scheduled and adjourned many times. On or about June 9, 2016, the trial was scheduled to be held on August 30, 2016, and August 31, 2016. On or about August 25, 2016, the respondent's request for an adjournment was granted, over the objection of opposing counsel, and both parties agreed to a trial date of October 13, 2016. On October 13, 2016, without notice to the court or opposing counsel, the respondent failed to appear on behalf of Estevez for the scheduled trial date. On that date, another attorney, Gligoric C. Garupa, Esq., appeared in court to request an adjournment on the respondent's behalf. Garupa, who was contacted by the respondent approximately two days prior to the scheduled court date, did not have any knowledge of the proceedings and was not advised by the respondent that the matter was set for trial. The request for an adjournment was denied, and the [*2]matter proceeded to trial in the respondent's absence. By decision and order dated October 24, 2016, the court determined the merits of the Estevez matter, and found, inter alia, that the respondent had not appeared in the matter because "he was out of the country on vacation." When the respondent learned that Estevez's matter had proceeded in his absence, he did not take any steps to contact his client.
By complaint dated October 27, 2016, Estevez filed a grievance against the respondent. By letter to the respondent dated November 10, 2016, Estevez's new counsel, Aida von Oiste, Esq., requested that the respondent refund his $1,000 fee, plus an additional $2,000 "to clean up the mess [he] created" in the case. At the respondent's request, Estevez signed a general release and waiver, which stated that, in consideration of the sum of $3,000, she agreed to release the respondent from any and all liability in connection with her matrimonial action and the complaint filed with the Grievance Committee. The respondent issued a bank check dated March 30, 2017, payable to Estevez in the sum of $3,000.
By letter to the respondent dated November 21, 2016, the Grievance Committee requested a written answer to the Estevez complaint within 10 days. By telephone on or about December 27, 2016, the respondent requested, and received, an extension of time to submit his answer by February 10, 2017. The respondent failed to submit an answer by that date. He submitted an answer on June 6, 2017, only after receipt of three additional letter requests from the Grievance Committee dated February 24, 2017, April 13, 2017, and May 22, 2017.
By letter dated July 3, 2017, the respondent was requested to contact the Grievance Committee within 10 days to schedule a date for an examination under oath. The respondent failed to do so, even after a second letter dated August 15, 2017, was sent requesting the same. On August 18, 2017, the respondent left the Grievance Committee a voicemail message stating that he required time to retain counsel. On August 21, 2017, the respondent left the Grievance Committee another voicemail message, and followed up with a written letter on that date, advising that he would be leaving the country the following day. The respondent provided the Grievance Committee with a copy of his airline itinerary indicating that he would be away from August 22, 2017, until September 11, 2017. The respondent's letter stated that he would communicate with the Grievance Committee to arrange a date for his examination under oath as soon as he returned to the country, but he did not contact the Grievance Committee upon his return. By letter dated September 25, 2017, the respondent was requested to contact the Grievance Committee upon his receipt of that letter to arrange a date for his appearance. The respondent failed to make contact as requested. On November 1, 2017, the respondent was served with a judicial subpoena directing him to appear at the Grievance Committee's office on November 17, 2017, for an examination under oath. By telephone on November 14, 2017, the respondent agreed to submit a more detailed written answer by November 16, 2017, and it was agreed that his examination under oath would be postponed until further notice. The respondent's supplemental written response was received on November 16, 2017. On February 1, 2018, the respondent appeared, with counsel, at the Grievance Committee's office for his examination under oath.
On or about May 31, 2018, attorneys for the respondent were served with a notice of verified petition and verified petition alleging professional misconduct by the respondent based on the above-referenced facts. The respondent, through counsel, filed a verified answer on or about June 12, 2018.
As required, the respondent has submitted an affidavit with this motion in which he conditionally admits the foregoing facts, and that those facts establish that he (1) neglected a client's legal matter entrusted to him, in violation of rule 1.3(b) of the Rules of Professional Conduct; (2) engaged in conduct that adversely reflects on his fitness as a lawyer by conditioning the settlement of a fee dispute upon a client's withdrawal of a grievance filed against him, in violation of rule 8.4(h) of the Rules of Professional Conduct; and (3) engaged in conduct prejudicial to the administration of justice by failing to timely cooperate with an investigation by the Grievance Committee, in violation of rule 8.4(d) of the Rules of Professional Conduct. The respondent consents to the agreed discipline of a public censure, which consent is given freely and voluntarily, without coercion or duress. Lastly, the respondent states that he is fully aware of the consequences of consenting to such discipline, having discussed the consequences with his attorney.
In mitigation, the respondent asserts, inter alia, that for a two-year period prior to the trial in Estevez's matrimonial action, he zealously advocated on Estevez's behalf, including engaging in settlement discussions, preparing pleadings, and appearing for court conferences; that he in good [*3]faith believed that his request for an adjournment of the trial would be granted; that he was out of the country on the scheduled trial date, not for purposes of a vacation, but in the Philippines, his native country, to handle scheduled hearings in two civil matters involving himself and another family member; that he has compensated his client three times the amount of her payment; that he was unaware that the release and waiver he prepared was inappropriate under the circumstances; and that he did not intentionally abandon his duties to his client and is remorseful for his failure to appear on the scheduled trial date.
The parties agree that there are aggravating factors presented, in particular, a prior disciplinary history consisting of five Admonitions and four Letters of Caution, several of which involved neglect of a client matter and a failure to cooperate with the Grievance Committee's investigation of a client complaint.
As to the appropriate sanction, the parties contend that the public censure requested is in accord with precedent from this Court under similar circumstances.
Based on the foregoing, we find that the motion for discipline on consent pursuant to 22 NYCRR 1240.8(a)(5) should be granted, and that a pubic censure is warranted in view of the respondent's admitted misconduct as well as the aggravating and mitigating factors presented herein.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and MILLER, JJ., concur.
ORDERED that the joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline on consent is granted; and it is further,
ORDERED that the respondent, Carlos G. Garcia, is publicly censured for his misconduct.
ENTER:
Aprilanne Agostino
Clerk of the Court